The Honorable J. Sturgis Miller State Representative and Chairman Legislative Joint Auditing Committee 172 State Capitol Little Rock, Arkansas 72201-1099
Dear Representative Miller:
This is in response to your request for an opinion on three questions concerning the issuance of postdated warrants by school districts. Specifically, your three questions are as follows:
 1. Whether current Arkansas law allows a local school district to issue postdated warrants without approval of either the State Board of Education or district voters?
 2. Whether a local school district that has issued postdated warrants can obligate general school funds beyond a current fiscal year to pay off the warrants without a vote of the people?
 3. Whether a local school district that has outstanding postdated warrants can issue negotiable bonds to pay off the warrants without a vote of the people?
You reference the newly enacted Act 43 of the Second Extraordinary Session of 1994 and ask whether the expanded authority of school districts to issue bonds to pay off postdated warrants without a vote of the school district electors somehow circumvents Arkansas Constitution, art. 14, § 3 (the constitutional provision relating to the levy of school district taxes).
It is my opinion that the answer to each of your three questions is "yes."
With regard to your first question, A.C.A. § 6-20-402 provides in pertinent part as follows:
 (a) The amount of obligations incurred by a school district for any school fiscal year shall not be in excess of the revenue receipts of the district for that year except as provided herein. . . . School districts may issue postdated warrants or enter into installment contracts or lease purchase agreements for the following purposes:
(1) Purchase of school buses;
(2) Payment of premiums of insurance policies on school buildings. . . .
(3) Purchase of equipment;
(4) Repair and renovation of school facilities;
(5) Purchase of school sites; and
 (6) Payment of the district's pro rata part of employing professional appraisers. . . .
Subsection (b) of this statute provides that the postdated warrants must be "registered" with the treasurer of the district and the State Board of Education. There is no statutory requirement, however, that the warrants be "approved" by the State Board of Education or district voters. Additionally, I can find no constitutional requirement in this regard. Article 14 of the Arkansas Constitution is the only section of the Constitution governing school districts. It provides, among other things, authorization for the voters of a district to levy an annual tax for the maintenance of schools, the erection and equipment of school buildings, and the retirement of existing indebtedness. It then provides the procedure for enacting the tax. The tax may not be appropriated for any other purpose nor to any other district than that for which it was levied. I can find nothing in these provisions which governs, limits, or requires voter approval of the issuance of postdated warrants. As the Supreme Court noted in a similar context, "[t]here is nothing in the amendment about the issuance of bonds for any purpose. The right of a school district to issue bonds is wholly dependent upon the statutes."Lakeside Special School District of Chicot County v. Gaines,202 Ark. 778, 153 S.W.2d 149 (1941). Statutory authority has been granted school districts to issue postdated warrants for certain purposes without the approval of district voters or the State Board of Education. See A.C.A. § 6-20-402. It is therefore my opinion that the answer to your first question is "yes."
In response to your second question, again, A.C.A. § 6-20-402 provides that the amount of obligations incurred by a school district for any school fiscal year shall not be in excess of the revenue receipts of the district except as provided in 6-20-402 or 6-20-801 et seq. (addressing revolving loan funds) and 6-20-1201 (addressing the issuance of bonds). Section 6-20-402, as noted above, authorizes the issuance of postdated warrants for certain purposes and provides that they must be paid within six (6) years of the date of issuance. See A.C.A. § 6-20-402(b)(1). Obviously, therefore, a school district may obligate general school funds beyond a current fiscal year to pay off the warrants, and we have concluded above that no approval of the State Board of Education or the voters is necessary.
The answer to your third question is "yes," by virtue of a new act passed at the Second Extraordinary Session of 1994. Act 43 of 1994 (2d Ex. Sess.) amended A.C.A. § 6-20-1201 to provide as follows:
 All school districts are authorized to borrow money and issue negotiable bonds for the repayment thereof from school funds for the building and equipment of school buildings, making additions and repairs thereto, purchasing sites therefor, purchasing new or used school buses, refurbishing school buses, and paying off outstanding postdated warrants, installment contracts, revolving loans, and lease purchase agreements, as provided in this act. [Emphasis added.]
The 1994 act added the emphasized language. Currently, therefore, school districts are authorized to issue negotiable bonds to pay off postdated warrants. The applicable statutes do not require a vote of the people to issue school district bonds, but the approval of the State Board of Education is necessary. See A.C.A. § 6-20-1215. In some instances the approval of the Director of General Education will suffice. A.C.A. §§6-20-1215 and 6-20-1205. I can find nothing in the Arkansas Constitution, art. 14, § 3 which requires a vote of the people in order to issue these bonds. See generally, Davis v. White, 171 Ark. 385,284 S.W.2d 764 (1926) (urban school districts could issue bonds without the consent of a majority of the legal voters) (decision under prior law). A vote of the school district voters may be required, however, to levy any tax to support such bonds. See generally, Arkansas Constitution, art. 14, § 3.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh